**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARIA RIVERA,

                     Plaintiff,

-vs-                                               Case No. 6:08-cv-1720-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

                     Defendant.
_____

**MEMORANDUM OF DECISION**

Maria Rivera (the "Claimant") appeals a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits. *See* Doc. No. 1. Claimant maintains that the Commissioner's final decision should be reversed and remanded because the Administrative Law Judge (the "ALJ") erred by relying exclusively on the medical vocational grids, failing to properly apply the Eleventh Circuit's pain standard, and failing to make a credibility determination. For the reasons set forth below, it is ordered that the Commissioner's decision is **REVERSED and REMANDED pursuant to sentence four of Section 405(g) because the ALJ erred by relying exclusively on the medical vocational grids.**

**I.    BACKGROUND**

Claimant was born on April 2, 1961, and she completed high school as well as some

college. R. 24-25, 45, 73, 234.¹ Claimant's past employment experience includes working as a dishwasher, maid, and doll maker. R. 231, 235. Claimant has not worked full-time since June 1, 2000. R. 73. On April 28, 2005, Claimant filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income alleging an onset of disability as of June 1, 1983. R. 66-67.² Claimant alleges disability due to fibromyalgia, poor vision, stomach complications from multiple surgeries, and headaches. R. 72, 85-89.

Claimant's application was denied initially and upon reconsideration. R. 45-57. Thereafter, Claimant requested a hearing before an ALJ. R. 44. On April 23, 2007, a hearing was held before ALJ James Ciaravino. R. 223-45. Claimant was the only person to testify at the hearing. R. 223-45. At the hearing, Claimant waived her right to counsel. R. 227.

On October 25, 2007, the ALJ issued a decision finding Claimant not disabled. R. 17-24. Claimant requested review before the Appeals Council and, on June 20, 2008, the Appeals Council denied Claimant's request for review making the ALJ's decision the final decision of the Commissioner. R. 5-7. On October 6, 2008, Claimant appealed to this Court. Doc. No. 1.

## II.   THE PARTIES' POSITIONS

The Claimant assigns two errors to the Commissioner's final decision. Doc. No. 16. First, Claimant asserts that the ALJ erred by failing to obtain the testimony of a vocational expert

---

¹ The Scheduling Order provides that "[i]t is not sufficient to adopt the facts in the [ALJ's] decision." Doc. No. 10 at 2. In Claimant's memorandum, she states that "[f]or the sake of brevity and economy, the statements of the testimony and of the documentary evidence as set forth in the ALJ's decision . . . are accepted by [Claimant] and incorporated, as if fully presented herein, except as specifically alluded to, accepted, or expanded upon, below." Doc. No. 16 at 3. Counsel for Claimant is admonished for failing to comply with the Court's Scheduling Order. Nevertheless, the court will accept the facts set forth in the ALJ's decision except to the extent specifically challenged by the Claimant in her memorandum.

²Claimant previously filed an application which was denied on April 7, 2003. R. 17. Claimant did not appeal and, therefore, the current ALJ only considered whether Claimant was disabled from April 8, 2003. R. 17. Claimant has not raised any issue regarding that decision on appeal.

"despite the presence of significant non-exertional impairments." Doc. No. 16 at 5-11. Second, the ALJ erred by failing to apply the Eleventh Circuit's pain standard and for failing to make a credibility finding as to Claimant's subjective complaints of pain. Doc. No. 16 at 12-15. Thus, Claimant requests that the Court reverse and remand the case for an award of benefits or, alternatively, to remand the case to the Commissioner for further proceedings.

The Commissioner maintains that substantial evidence supports the ALJ's decision. Doc. No. 17 at 1-12. The Commissioner maintains that the ALJ properly relied upon the medical vocational grids because he determined that Claimant could perform a full range of sedentary work and her exertional and non-exertional impairments would not significantly erode her ability to perform a full range of sedentary work. Doc. No. 17 at 4-8. The Commissioner also asserts the ALJ properly applied the Eleventh Circuit's pain standard and made a specific finding as to Claimant's credibility. Doc. No. 17 at 8-12. Thus, the Commissioner requests that the final decision be affirmed.

## III. THE ALJ'S DECISION

On October 25, 2007, the ALJ issued a decision that Claimant was not disabled. R. 17-25. The ALJ made the following significant findings:

1. The Claimant has not engaged in substantial gainful activity since April 28, 2005, the application date;

2. The Claimant has the following <u>severe impairments</u>: <u>fibromyalgia</u>, GERD with history of abdominal surgeries of the gall bladder;

3. The Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

4. After careful consideration of the entire record, the undersigned finds that the Claimant has the residual functional capacity to stand and walk four hours in an eight-hour workday, sit six hours in an eight-hour workday and frequently lift ten pounds. She has

occasional postural limitations in climbing, balancing, stooping, kneeling, crouching and crawling. The Claimant has occasional limitations with handling of her upper extremities. She would need to avoid extreme cold;

5. The Claimant has no past relevant work;

6. The Claimant was born on April 2, 1961 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed;

7. The Claimant has at least a high school education and is able to communicate in English;[3]

8. Transferability of job skills is not material to the determination of disability because the Claimant does not have past relevant work; and

9. Considering the Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Claimant can perform.

*Id.* (emphasis added). Thus, the ALJ determined that Claimant suffers from a severe impairment of fibromyalgia. *Id.*

As to Claimant's functional limitations, the ALJ stated the following:

> [T]he undersigned finds that the [C]laimant could perform well at the sedentary exertional level. She would have <u>occasional</u> postural limitations and <u>occasional</u> limitations in handling. She would need to avoid extreme cold.

R. 23 (emphasis added). When determining whether there were jobs that exist in significant numbers that Claimant could perform, the ALJ stated the following:

> In determining whether a successful adjustment to other work can be made, the undersigned must consider the [C]laimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines. . . . If the [C]laimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the [C]laimant's specific vocational profile. . . . When the [C]laimant cannot perform substantially all of the

---

[3] At the hearing, Claimant required an interpreter and stated that she could not read in English. R. 225, 240. Claimant has not challenged this finding on appeal. *See* Doc. No. 16.

exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical –vocational rules are used as a framework for decision-making unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations. If the [C]laimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision making. . . .

If the [C]laimant had the residual functional capacity to perform the full range of <u>sedentary</u> [work], considering the [C]laimant's age, education, and work experience, a finding of "not disabled" would be directed by the Medical-Vocational Rule 201.27. However, the additional limitations have little or no effect on the occupational base of unskilled <u>light</u> work. A finding of "not disabled" is therefore appropriate under the framework of this rule. Social Security Ruling 83-14 and 85-15 states that the sedentary occupational base does not require any more than occasional stooping and crouching. Social Security Ruling 96-9p states that postural limitations related to such activities such as climbing, balancing, or crawling would not significantly erode the full range of unskilled work. Exposure to heat and cold would not result in significant erosion of the sedentary occupational base.

R. 24-25 (emphasis added). [4] Thus, the ALJ determined that the use of the Medical-Vocational grids was appropriate and called for a determination of "not disabled."

## IV. <u>LEGAL STANDARDS</u>

### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order. If it is

---

[4] The ALJ's reference to "light" work appears to be a typographical error because the ALJ determined that the Claimant's RFC was for "sedentary" work. The ALJ's decision makes it clear he found Claimant was able to perform sedentary work. The above referenced text is the only reference to light work in the ALJ's opinion. R. 14-25. The Commissioner argues that this error is harmless because the ALJ cited to Medical-Vocational Rule for sedentary work. Doc. No. 17 at 5 n. 2.

determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b). Substantial gainful activity ("SGA") is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975. If an individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR § 404.1521. An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must

consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A mere diagnosis is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). However, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the claimant's impairment or combination of impairments

meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. In making this finding, the ALJ must consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull. *See* 20 C.F.R. § 404.1545(b). The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform the claimant's past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do his past relevant

work, the claimant is not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. 20 CFR § 404.1567. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

### B.  THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the district court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand

appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 872, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[5]

## V. ANALYSIS

Claimant maintains that the ALJ erred by relying exclusively on the medical-vocational grids instead of receiving testimony from a vocational expert. Doc. No. 16 at 5-11. This case presents the recurring issue of whether the ALJ may rely exclusively on the grids for decision, or

---

[5] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

whether a vocational expert is required. The decision in *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995), is instructive on the law:

> Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do. . . . The Secretary bears the burden of establishing that Appellant, who could not perform her past work, could perform alternative work in the national economy. Although this burden can sometimes be met through straightforward application of the Medical-Vocational Guidelines (the "grids"), the regulations regarding the implementation of the grids caution that they are only applicable under certain conditions. <u>For example, the claimant must suffer primarily from an exertional impairment, without significant non-exertional factors. . . . Exclusive reliance on the grids is appropriate in cases involving only exertional impairments (impairments which place limits on an individual's ability to meet job strength requirements). . . . Pain is a nonexertional impairment. . . . Exclusive reliance on the grids is inappropriate when a claimant has a nonexertional impairment that significantly limits the claimant's basic work activities</u>. . . . <u>If the grids are inapplicable, the Secretary must seek expert vocational testimony.</u>

*Id.* at 1559 (citations omitted) (emphasis added). In *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004), the Eleventh Circuit stated that "'[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Id.* (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985) (emphasis in original)). "If the ALJ determines that [a claimant's] nonexertional limitations do not significantly limit her basic work skills at the sedentary work level, then the ALJ may rely on the grids to determine if [the claimant] is disabled." *Phillips*, 357 F.3d at 1243. Thus, if nonexertional limitations do not significantly limit a claimant's basic work skills at a given level, testimony from a vocational expert is not required. *Phillips*, 357 F.3d at 1243.

In the present case, the ALJ found that Claimant suffers from a severe impairment of fibromyalgia. R. 19. Therefore, the ALJ specifically determined that Claimant's fibromyalgia significantly limits her ability to perform basic work skills. *See* 20 CFR § 404.1521. "[F]ibromyalgia causes joint pain and fatigue. . . ." *Gau v. Astrue*, 2008 WL 3895565 at *10 (S.D. Fla. Aug. 22, 2008) (citing *Tennant v. Apfel*, 224 F.3d 869, 870 n. 2 (8th Cir. 2000)).[6] As set forth above, pain is a non-exertional limitation. *Foote*, 67 F.3d at 1559.

In determining the Claimant's residual functional capacity, the ALJ determined that the Claimant suffers from three non-exertional limitations: 1) occasional postural limitations in climbing, balancing, stooping, kneeling, crouching, and crawling; 2) occasional manipulative limitations in handling with her upper extremities; and 3) environmental limitations to the extent Claimant should avoid extreme cold. R. 19.[7] The ALJ determined that the medical vocational guidelines directed a finding of "not disabled" because Social Security Ruling ("SSR") 96-9p states that postural limitations and environmental limitations do not significantly erode the full

---

[6] The Court notes that fibromyalgia "is unique and because of the unavailability of objective clinical tests, it is difficult to determine the severity of the condition and its impact on one's ability to work." *Morrison v. Barnhart*, 278 F.Supp.2d 1331, 1335 (M.D. Fla. 2003).

[7] 20 C.F.R. § 404.1569a states:
> *Nonexertional limitations.* (1) When the limitations and restrictions imposed by your impairment(s) and related symptoms, such as pain, affect only your ability to meet the demands of jobs other than the strength demands, we consider that you have only nonexertional limitations or restrictions. Some examples of nonexertional limitations or restrictions include the following:
> (i) You have difficulty functioning because you are nervous, anxious, or depressed;
> (ii) You have difficulty maintaining attention or concentrating;
> (iii) You have difficulty understanding or remembering detailed instructions;
> (iv) You have difficulty in seeing or hearing;
> (v) You have difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes; or
> (vi) You have difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.

*Id.*

range of sedentary unskilled work. R. 24-25.[8]  However, the ALJ ignores whether Claimant's manipulative limitations significantly erode the full range of sedentary unskilled work. R. 24-25. SSR 96-9p provides that "[m]ost unskilled sedentary jobs require good use of both hands and fingers." *Id*.  Moreover, SSR 96-9p also provides that even if the manipulative limitation is "less [than] significant, . . . it may be useful to consult a vocational resource." *Id*.  Thus, because the ALJ found that Claimant suffers a manipulative limitation which, accordingly to SSR 96-9p, would likely erode the full range of work at the unskilled sedentary level, and because the ALJ found that Claimant suffers from a severe impairment of fibromyalgia, which causes pain and significantly limits Claimant's ability to perform basic work skills, the Court concludes that exclusive reliance on the grids was inappropriate. *Phillips,* 357 F.3d at 1242.

## VI.    CONCLUSION

For the reasons stated above, it is **ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED to the ALJ for rehearing and reconsideration of the evidence pursuant to sentence four of Section 405(g).[9]**  The Clerk is directed to enter judgment in favor of the Claimant and close the case.

---

[8] The ALJ is correct that SSR 96-9p states that "[p]ostural limitations . . . would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." *Id*. SSR 96-9p does provide, however, that "[c]onsultation with a vocational resource may be appropriate in some cases." *Id*.

[9] Because the ALJ erred in relying exclusively on the grids, it is unnecessary to determine whether the ALJ also erred in applying the pain standard and weighing Claimant's credibility.

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Michael A. Steinberg
Michael A. Steinberg, Esq.
4925 Independence Parkway
Suite 195
Tampa, FL 33634

Susan R. Waldron
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida        33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia       30303-8920

The Honorable James Ciaravino
Administrative Law Judge
c/o Office of Disability Adjudication and Review

Suite 300  
3505 Lake Lynda Dr.  
Orlando, Florida      32817-9801